On Application for Rehearing.
Blanchard, J.
Defendant company is, quoad its lines in Louisiana, a Louisiana corporation. It acquired by purchase and absorption the franchise rights and lines of the New Orleans Pacific Railway Company, which held under a legislative charter from the State of Louisiana, and whose domicil was the City of New Orleans. See Act No. 14 of the Acts of Louisiana of 1816, and Articles of Agreement of Consolidation between ihe Texas Pacific Railway Company and the New Orleans Pacific Railway Company found in the record.
It is not true that the Court, in its decree heretofore rendered, has assumed the authority to manage defendant Company’s railway and to direct the running of its trains. •
All the decree does is to require of the company the performance of the same service for relator that it has extended to others, notably the Western Union Telegraph Company.
The evidence establishes that poles and materials for the construction, repair and maintenance of the Western Union lines have been distributed by the cars of plaintiff company between stations, and that this has been going on for years and still goes on.
It also establishes that it has been constantly the practice of defendant company to deliver freight for planters and others between stations and to receive for transportation, at points between stations, rice sugar, etc.
This being shown, it is held that the company may not discriminate *1859 arid when called upon, under conditions that are reasonable, must perforin the like service for relator. And the duty, being of a public nature, is enforceable by mandamus.
The evidence also shows that the same service herein required of defendant company has been freely accorded this relator and others by other railroad companies over their lines in this and other states.
Kelator, it appears, owns its own cars on which are loaded its telephone and telegraph poles. It applied to defendant company to haul these cars over its lines between New Orleans and Shreveport and throw the poles off, or permit them to be thrown off, at convenient distances. Other railroad companies operating lines of railway into and out of New Orleans had done this, and defendant company does the same for the Western Union Telegraph Company — a rival line.
It refused the service to relator.
That it is the province of the Court to say to this common carrier ‘what you do for others you cannot refuse to relator’, cannot, we think, be seriously questioned.
And in so saying, and enforcing by its writs the performance of the duty, it is not apparent that defendant company is denied any of the rights, privileges and immunities granted to it by the several acts of Congress referred to in the application for rehearing and in the briefs filed on its behalf.
The rehearing applied for is denied.